IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PROJECTS MANAGEMENT | ) | |
| COMPANY, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 1:13-cv-331 |
|     v. | ) | |
| | ) | |
| DYNCORP INTERNATIONAL, LLC, | ) | |
|     Defendant. | ) | |

<u>MEMORANDUM OPINION</u>

By Memorandum Opinion and accompanying Order dated March 26, 2014, summary

judgment issued in favor of defendant DynCorp International, LLC ("DynCorp") and the case

was dismissed. *Projects Management Co. v. DynCorp Intern., LLC*, 2014 WL 1248075 (E.D.

Va. March 26, 2014). Plaintiff Projects Management Company ("PMC") has filed a Motion for

Reconsideration of the March 26, 2014 Memorandum Opinion and Order, which in large

measure simply repeats the arguments made in the course of briefing and argument on the

summary judgment motion and calls attention to factual quibbles that are not material to the

disposition of the case. For the reasons that follow, the motion for reconsideration must be

denied.

**I.**

A motion for reconsideration pursuant to Rule 59(e), Fed. R. Civ. P., may be granted in

three circumstances: (1) to accommodate an intervening change in controlling law, (2) to account

for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest

injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Importantly, however, a

Rule 59(e) motion for reconsideration may not be used to "reargue[] the facts and law originally

1

argued in the parties' briefs." *United States v. Smithfield Foods, Inc.*, 969 F.Supp. 975, 977 (E.D. Va. 1997). *See also Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("The Rule 59(e) motion may not be used to relitigate old matters."). In other words, a motion for reconsideration under Rule 59(e) is inappropriate if it asks the court to "reevaluate the basis upon which it made a prior ruling" or "merely seeks to reargue a previous claim." *United States v. Smithfield Foods*, 969 F.Supp. at 977. Moreover, reconsideration of a judgment after its entry is an "extraordinary remedy which should be used sparingly." *Pacific Ins. Co.*, 148 F.3d at 403.

Here, summary judgment was unquestionably fully briefed and argued. Indeed, as DynCorp correctly notes, the parties filed eight memoranda addressing DynCorp's motion for summary judgment, totaling over one hundred pages. The points of law PMC now raises in support of reconsideration are points of law already fully addressed in both the parties' prior memoranda and in the Memorandum Opinion. In these circumstances, a motion for reconsideration is plainly unwarranted. But in the interest of ensuring that summary judgment was properly granted, the merits of the motion will be addressed.

## II.

PMC moves for reconsideration based on the following arguments:

> (1) Only Virginia law governs the damages issue in this case, and the Order granting summary judgment relied on both Virginia law and federal common law;

> (2) Under Virginia law, PMC did not have the burden to plead and prove avoided costs;

> (3) PMC did not "refuse" to provide information and documents to DynCorp;

> (4) DynCorp was advised that the Lebanon account was in fact Fawaz's personal account; and

> (5) PMC should be allowed to claim, at minimum, $103,000 in damages.

2

For the following reasons, none of PMC's arguments provide a valid reason for reconsidering and changing the result reached in the Memorandum Opinion and Order granting DynCorp's motion for summary judgment.

**A.**

There is no basis to reconsider the resolution of the choice of law question presented. As the Memorandum Opinion granting summary judgment stated, "both federal law and Virginia law provide that the plaintiff in a breach of contract claim bears the burden of proving damages, which includes both the claimed costs and avoided costs." *Projects Management Co.,* 2014 WL 1248075 at *6. Thus, DynCorp prevails under either body of law. Neither is PMC's argument that prior rulings govern choice of law persuasive. The Memorandum Opinion explicitly rejected PMC's argument that prior rulings in *PMC* I[1] established that only Virginia law applies to the question of avoided costs, stating,

> Moreover, the dismissal order in *PMC* I explicitly discussed both Virginia law and federal law on the question of the proper measure of damages, stating, "Under the governing law—either federal common law or Virginia law, the result…is the same: PMC has failed to provide a proper measure of damages." *Projects Management Co. v. DynCorp Int'l, LLC,* Case No. 1:11-cv-1345 (E.D. Va. Aug. 12, 2012) (Order). Neither party has advanced any persuasive reason to conclude that federal law and Virginia law differ on the issue of the proper measure of damages.

*Projects Management Co.,* 2014 WL 1248075 at *5, fn. 8. PMC gives no persuasive reason to adopt only Virginia law on the question of avoided costs, nor does PMC advance any persuasive argument as to the difference between Virginia law and the federal common law of government contracts on the question of avoided costs. PMC's arguments regarding choice of law and

---

[1] *Projects Management Co. v. DynCorp Int'l, LLC,* Case No. 1:11-cv-1345 (E.D. Va. 2012).

avoided costs were fully considered and rejected in the Memorandum Opinion granting summary judgment, and PMC's motion for reconsideration only repeats arguments already considered.[2]

**B.**

PMC next argues that it does not have the burden of establishing the costs avoided. The issue of which party has the burden to prove costs avoided has been extensively briefed and argued by the parties,[3] and the arguments offered by PMC in its motion for reconsideration were explicitly considered and rejected in the Memorandum Opinion, which states,

> In calculating its damages, PMC chose not to account for payments to subcontractors and employees made from the Lebanon account…To allow PMC's measure of damages would give PMC an unwarranted windfall impermissible under federal or Virginia law, which requires that the plaintiff's measure of damages account for both incurred damages and avoided costs…By failing to identify the subcontractors and employees paid from the Lebanon account, PMC has failed to offer "any evidence from which the jury could measure the difference between the value of the services for which it contracted and the value of the services it received." *Bernsen*, 2012 WL 3912759 at *4 (*citing Sunrise Continuing Care*, 227 Va. at 155–56).

*Projects Management Co.*, 2014 WL 1248075 at *8-9. Furthermore, as the Memorandum Opinion explains, DynCorp's argument that PMC has not provided the proper measure of damages is not an affirmative defense, and therefore, the cases cited by PMC discussing

---

[2] It is obvious that PMC's desire to rely solely on Virginia law is attributable to its reliance on a 1925 Supreme Court of Virginia case, *Burton's Executor v. Manson*, 142 Va. 500, 508 (1925). Again, PMC's argument that Virginia law places the burden of proving avoided costs on the defendant was explicitly rejected in the Memorandum Opinion, which states that PMC's reliance on *Burton's Executor* is misplaced because *Burton's Executor* "did not discuss the third element of a breach of contract claim that is at issue here—the proper measure of damages." *Projects Management Co.*, 2014 WL 1248075 at *8. Moreover, as the Memorandum Opinion further notes, there is clear Supreme Court of Virginia authority for the proposition that plaintiff bears the burden of pleading and proving avoided costs. *Projects Management Co.*, 2014 WL 1248075 at *6 (explaining that *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 156 (2009), holds that the plaintiff in a breach of contract case must plead and prove the value received or costs avoided).

[3] In fact, the parties submitted supplemental briefing on this issue.

4

affirmative defenses[4] are inapposite to the present case. *Id.* at 8. Finally, as DynCorp correctly points out, part of PMC's motion for reconsideration on the issue of damages is copied *verbatim* from PMC's brief in opposition to DynCorp's motion for summary judgment. Thus, PMC offers no argument not already fully briefed and argued at the time of summary judgment and not already fully addressed in the Memorandum Opinion regarding which party bears the burden of establishing costs avoided.

## C.

PMC further contends that the Memorandum Opinion contained two factual errors: (1) that, contrary to the Memorandum Opinion, PMC never "refused" to provide DynCorp with information about its subcontractors, and (2) that, contrary to the Memorandum Opinion, DynCorp was informed that the Lebanon account was Fawaz's personal bank account. These arguments are unavailing for two reasons.

First, neither alleged error is, in fact, an error. First, PMC claims that it did not "refuse" to provide information and documents to DynCorp related to avoided costs. Yet in fact, the record reflects the contrary. As the Memorandum Opinion points out,

> When PMC's Rule 30(b)(6) witness...was asked whether payments to subcontractors under Subcontract 002 had been made from the Lebanon account and, if so, the identity of subcontractors and the amount of such payments, the 30(b)(6) witness testified that PMC was "not in a position to do any further work in terms of identifying the [subcontractors] and what monies were owed to them, what has been paid, not paid; and this is something which was a conscious decision taken in consultation with our counsel." *Projects Management Co. v.*

_____

[4] PMC cites in its opposition to summary judgment and in its motion for reconsideration two cases on this point: *Burton's Ex'r v. Manson*, 142 Va. 500 (1925), and *Nizan v. Wells Fargo Bank Minnesota Nat'l Ass'n*, 274 Va. 481 (2007). But as previously stated in the Memorandum Opinion, these cases involve affirmative defenses, whereas the present case involves not affirmative defenses, but PMC's failure to submit proper proof of an element of the breach of contract claim, namely damages, including avoided costs. *Projects Management Co.*, 2014 WL 1248075 at *8.

> *DynCorp Int'l, LLC,* Case No. 1:13–cv–331, Doc. 128, Ex. 21, p. 214 (E.D.Va. Aug. 23, 2013).

*Projects Management Co.,* 2014 WL 1248075 at *3. Under these circumstances, the verb "refused" is hardly an inapt description. Nor is there any indication in the record that PMC in the course of discovery provided DynCorp with full information on avoided costs.[5]

Second, PMC claims that the statement that DynCorp was not advised "that the Lebanon account was not Fawaz's personal bank account" is inaccurate. *Projects Management Co.,* 2014 WL 1248075 at *2. This statement in the Memorandum Opinion was meant to convey that no one at DynCorp was advised that the Lebanon account was for Fawaz's personal use. It was not intended to convey that no one at DynCorp had knowledge that the Lebanon account was in Fawaz's name. But in any event, neither of these factual quibbles raised by PMC can serve as a basis for reconsideration of the summary judgment, as neither is material to the disposition of the summary judgment motion. Whether PMC did or did not "refuse" to obtain and disclose information on the identity of its subcontractors and the amount of its avoided costs, and whether DynCorp was informed that the account into which it deposited money was Fawaz's account for his own personal use, is not material to the Memorandum Opinion's holding that PMC failed to carry its burden of proving the correct measure of damages. Thus, PMC's argument that the motion for summary judgment must be reconsidered on the basis of these supposed factual errors is unpersuasive.

_____

[5] The record reflects that PMC has provided DynCorp with the Lebanon bank account statements, but has not provided DynCorp with the names of the subcontractors, how much the subcontractors have been paid, and how much the subcontractors are still owed.

**D.**

Finally, PMC argues that the Memorandum Opinion granting summary judgment for DynCorp should be reconsidered because PMC should be allowed to proceed with a $103,000 damages claim. This argument fails, as it comes too late. The record reflects that PMC's firm position and consistent position, until after the close of discovery, was always that the measure of damages it was pursuing was the full amount of invoices paid to the Lebanon account. When DynCorp served an interrogatory on PMC seeking all facts related to PMC's calculation of damages, PMC reaffirmed that its damages claim was the total of all invoices paid to the Lebanon account. Sixteen days before the close of discovery, PMC's Rule 30(b)(6) deponent stated that PMC's damages was the total of all invoices paid to the Lebanon account. Not until well after the close of discovery, and after DynCorp had filed a motion for summary judgment based in part on PMC's failure to provide a legally cognizable measure of damages did PMC provide a new damages calculation that purportedly took into account the use of funds from the Lebanon account to pay PMC's expenses. Moreover, PMC failed to provide adequate analysis to support this new calculation, and the only support for the $103,000 damages amount is a statement by PMC's Rule 30(b)(6) deponent—the same deponent who had stated only a month earlier that PMC's measure of damages was the full amount of all invoices paid to the Lebanon account. PMC's new damages calculation was both conclusory and untimely, and it should have been provided to DynCorp long before the close of discovery. Thus, PMC's argument that the Memorandum Opinion must be reconsidered based on this untimely, last-minute effort to rescue PMC's damage claim is not an appropriate reason to grant PMC's motion for reconsideration.

**III.**

Thus, because PMC's motion for reconsideration only raises immaterial factual quibbles and rehashes old arguments already considered and rejected, the motion must be denied.

An appropriate Order will issue.

Alexandria, Virginia
April 15, 2014

/s/

T. S. Ellis, III
United States District Judge